## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE EQUAL RIGHTS CENTER, *et. al.*,** | |
| **PLAINTIFFS,** | **CASE NO. 07-001838 (RCL)** |
| **v.** | |
| **DISTRICT OF COLUMBIA,** | |
| **DEFENDANT.** | |

### DEFENDANT DISTRICT OF COLUMBIA'S
### ANSWER TO THE PUTATIVE CLASS ACTION COMPLAINT

Defendant District of Columbia ("the District"), by and through undersigned counsel, hereby answers the plaintiffs' putative Class Action Complaint in the above-captioned matter.  The District asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The District states the following in response to the individually numbered paragraphs in the Complaint:

### NATURE OF THE ACTION

1. The allegations asserted in paragraph 1 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 1 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

2. The allegations asserted in paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 2 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

3. The allegations asserted in paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 3 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

4. The District denies the factual allegations contained in paragraph 4, and demands strict proof thereof at trial.

5. The allegations asserted in paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 5 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### JURISDICTION AND VENUE

6. The District acknowledges the statutes cited in paragraph 6 of the Complaint, but does not admit that jurisdiction is necessarily conferred therefrom.

7. The District acknowledges the statutes cited in paragraph 7 of the Complaint, but does not admit that jurisdiction is necessarily conferred therefrom.

8. The District acknowledges the statutes cited in paragraph 8 of the Complaint, but does not admit that venue is necessarily conferred therefrom.

## PARTIES

9.  The District is without sufficient information to admit or deny any factual allegations contained in paragraph 9.

10. The District is without sufficient information to admit or deny any factual allegations contained in paragraph 10.

11. The District is without sufficient information to admit or deny any factual allegations contained in paragraph 11.

12. The District is without sufficient information to admit or deny any factual allegations contained in paragraph 12.

13. The District is without sufficient information to admit or deny any factual allegations contained in paragraph 13.

14. The District is without sufficient information to admit or deny any factual allegations contained in paragraph 14.

15. The District admits the factual allegations contained in paragraph 15.

16. The allegations asserted in paragraph 16 of the Complaint are legal conclusions to  which no response is required.  To the extent that paragraph 16 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

17. The District admits the factual allegations contained in paragraph 17.

18. The allegations asserted in paragraph 18 of the Complaint are legal conclusions to  which no response is required.  To the extent that paragraph 18 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

## CLASS ACTION ALLEGATIONS

19. The allegations asserted in paragraph 19 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 19 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

20. The allegations asserted in paragraph 20 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 20 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

21. The allegations asserted in paragraph 21 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 21 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

22. The allegations asserted in paragraph 22 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 22 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

23. The allegations asserted in paragraph 23 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 23 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

24. The allegations asserted in paragraph 24 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 24

contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

 a. The allegations asserted in paragraph 24(a) of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 24(a) contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

 b. The allegations asserted in paragraph 24(b) of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 24(b) contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

 c. The allegations asserted in paragraph 24(c) of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 24(c) contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

 d. The allegations asserted in paragraph 24(d) of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 24(d) contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

 e. The allegations asserted in paragraph 24(e) of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 24(e) contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

 f. The allegations asserted in paragraph 24(f) of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 24(f) contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

 g. The allegations asserted in paragraph 24(g) of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 24(g) contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

25. The allegations asserted in paragraph 25 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 25 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

26. The allegations asserted in paragraph 26 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 26 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

27. The allegations asserted in paragraph 27 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 27 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

28. The allegations asserted in paragraph 28 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 28 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

29. The allegations asserted in paragraph 29 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 29 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

30. The allegations asserted in paragraph 30 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 30 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

31. The allegations asserted in paragraph 31 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 31

contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

32. The allegations asserted in paragraph 32 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 32 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

33. The allegations asserted in paragraph 33 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 33 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

## FACTUAL ALLEGATIONS

34. The District admits the factual allegations contained in paragraph 34.

## MS. BOUTCHER

35.     The District is without sufficient information to admit or deny any factual allegations contained in paragraph 35.

36.     The District admits the factual allegations contained in paragraph 36.

37.     The District admits the factual allegations contained in paragraph 37.

38.     The District denies the factual allegations contained in paragraph 38, and demands strict proof thereof at trial.

39.     The District denies the factual allegations contained in paragraph 39, and demands strict proof thereof at trial.

40.     The District denies the factual allegations contained in paragraph 40, and demands strict proof thereof at trial.

41.    The District denies the factual allegations contained in paragraph 41, and demands strict proof thereof at trial.

42.    The District denies that Kate Jesberg is head of DHS, and admits the remaining factual allegations contained in paragraph 42.

43.    The District admits the factual allegations contained in paragraph 43.

44.    The District denies the factual allegations contained in paragraph 44, and demands strict proof thereof at trial.

45.    The District denies the factual allegations contained in paragraph 45, and demands strict proof thereof at trial.

46.    The District denies the factual allegations contained in paragraph 46, and demands strict proof thereof at trial.

47.    The allegations asserted in paragraph 47 of the Complaint are legal conclusions to which no response is required.    To the extent that paragraph 47 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

**MR. MITCHINER**

48.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 48.

49.    The District admits the factual allegations contained in paragraph 49.

50.    The District admits the factual allegations contained in paragraph 50.

51.    The District admits the factual allegations contained in paragraph 51.

52.    The District admits the factual allegations contained in paragraph 52.

53.    The District admits the factual allegations contained in paragraph 53.

54.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 54.

55.    The District admits the factual allegations contained in paragraph 55.

56.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 56.

57.    The District admits the factual allegations contained in paragraph 57.

58.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 58.

59.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 59.

60.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 60.

61.    The District admits the factual allegations contained in paragraph 61.

62.    The District denies the factual allegations contained in paragraph 62, and demands strict proof thereof at trial.

63.    The District admits that Mr. Mitchiner received a postponement of his hearing until November 6, 2007.    The District is without sufficient information to admit or deny the remaining factual allegations contained in paragraph 63.

64.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 64.

65.    The allegations asserted in paragraph 65 of the Complaint are legal conclusions to which no response is required.    To the extent that

paragraph 65 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

CLASS ACTION ALLEGATIONS

66.     The District is without sufficient information to admit or deny any factual allegations contained in paragraph 66.

67.     The District is without sufficient information to admit or deny any factual allegations contained in paragraph 67.

68.     The District is without sufficient information to admit or deny any factual allegations contained in paragraph 68.

69.     The allegations asserted in paragraph 69 of the Complaint are legal conclusions to which no response is required.     To the extent that paragraph 69 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

70.     The allegations asserted in paragraph 70 of the Complaint are legal conclusions to which no response is required.     To the extent that paragraph 70 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

71.     The allegations asserted in paragraph 71 of the Complaint are legal conclusions to which no response is required.     To the extent that paragraph 71 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

## COUNT ONE: DISCRIMINATION—ADA

72.    In response to paragraph 72, the District incorporates its answers to paragraphs 1 through 71 as stated above.

73.    The allegations asserted in paragraph 73 of the Complaint are legal conclusions to which no response is required.   To the extent that paragraph 73 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

74.    The allegations asserted in paragraph 74 of the Complaint are legal conclusions to which no response is required.   To the extent that paragraph 74 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

75.    The allegations asserted in paragraph 75 of the Complaint are legal conclusions to which no response is required.   To the extent that paragraph 75 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

76.    The allegations asserted in paragraph 76 of the Complaint are legal conclusions to which no response is required.   To the extent that paragraph 76 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

77.    The allegations asserted in paragraph 77 of the Complaint are legal conclusions to which no response is required.   To the extent that paragraph 77 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

78.     The allegations asserted in paragraph 78 of the Complaint are legal conclusions to which no response is required.     To the extent that paragraph 78 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

79.     The allegations asserted in paragraph 79 of the Complaint are legal conclusions to which no response is required.     To the extent that paragraph 79 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

80.     The allegations asserted in paragraph 80 of the Complaint are legal conclusions to which no response is required.     To the extent that paragraph 80 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

81.     The allegations asserted in paragraph 81 of the Complaint are legal conclusions to which no response is required.     To the extent that paragraph 81 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

82.     The allegations asserted in paragraph 82 of the Complaint are legal conclusions to which no response is required.     To the extent that paragraph 82 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

83.     The allegations asserted in paragraph 83 of the Complaint are legal conclusions to which no response is required.     To the extent that

paragraph 83 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### COUNT TWO: DISCRIMINATION—REHAB ACT

84.   In response to paragraph 84, the District incorporates its answers to paragraphs 1 through 83 as stated above.

85.   The District admits the factual allegations contained in paragraph 85.

86.   The District admits that some of its agencies receive federal financial assistance.  However, the Office of Zoning does not receive any federal financial assistance.

87.   The District denies the factual allegations regarding the statement "Defendant District of Columbia's departments, agencies, and instrumentalities receive Federal financial assistance" as stated in paragraph 87.

88.   The District admits the factual allegations contained in paragraph 88.

89.   The allegations asserted in paragraph 89 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 89 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

90.   The allegations asserted in paragraph 90 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 90 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

91.     The allegations asserted in paragraph 91 of the Complaint are legal conclusions to which no response is required.    To the extent that paragraph 91 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

92.     The allegations asserted in paragraph 92 of the Complaint are legal conclusions to which no response is required.    To the extent that paragraph 92 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

93.     The allegations asserted in paragraph 93 of the Complaint are legal conclusions to which no response is required.    To the extent that paragraph 93 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

94.     The allegations asserted in paragraph 94 of the Complaint are legal conclusions to which no response is required.    To the extent that paragraph 94 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

95.     The allegations asserted in paragraph 95 of the Complaint are legal conclusions to which no response is required.    To the extent that paragraph 95 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

96.     The allegations asserted in paragraph 96 of the Complaint are legal conclusions to which no response is required.    To the extent that

paragraph 96 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

97.    The allegations asserted in paragraph 97 of the Complaint are legal conclusions to which no response is required.    To the extent that paragraph 97 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

98.    The allegations asserted in paragraph 98 of the Complaint are legal conclusions to which no response is required.    To the extent that paragraph 98 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

99.    The allegations asserted in paragraph 99 of the Complaint are legal conclusions to which no response is required.    To the extent that paragraph 99 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### COUNT THREE:  DISCRIMINATION—D.C. HUMAN RIGHTS ACT

100.    In response to paragraph 100, the District incorporates its answers to paragraphs 1 through 99 as stated above.

101.    The allegations asserted in paragraph 101 of the Complaint are legal conclusions to which no response is required.    To the extent that paragraph 101 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

102.    The allegations asserted in paragraph 102 of the Complaint are legal conclusions to which no response is required.    To the extent that

paragraph 102 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

103.    The allegations asserted in paragraph 103 of the Complaint are legal conclusions to which no response is required.    To the extent that paragraph 103 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

104.    The allegations asserted in paragraph 104 of the Complaint are legal conclusions to which no response is required.    To the extent that paragraph 104 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

105.    The allegations asserted in paragraph 105 of the Complaint are legal conclusions to which no response is required.    To the extent that paragraph 105 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

106.    The allegations asserted in paragraph 106 of the Complaint are legal conclusions to which no response is required.    To the extent that paragraph 106 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

## PRAYER FOR RELIEF

107.    Paragraph 107, and its subparts, consists of a prayer for relief to which no response is required.

## THIRD DEFENSE

Plaintiffs may have failed to exhaust their administrative remedies and failed to comply with other mandatory filing requirements.

## FOURTH DEFENSE

All allegations not specifically admitted are denied.

## FIFTH DEFENSE

The District, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

## SIXTH DEFENSE

The District reserves the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

## SEVENTH DEFENSE

The actions of the District and all employees, officials, servants, and agents of the District of Columbia were, at all times relevant to this action, reasonable, in good faith, and in full compliance with the law.

## EIGHTH DEFENSE

To the extent plaintiffs seek an award of unliquidated damages against the District of Columbia under local law, such award is barred for failure to meet the requirements of D.C. Code § 12-309 (2001 ed.).

## NINTH DEFENSE

Plaintiffs may have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

## TENTH DEFENSE

The local law claims are barred by the District of Columbia's discretionary function immunity.

## ELEVENTH DEFENSE

Plaintiffs have failed to plead facts sufficient to support the exercise of the Court's equitable jurisdiction.

## TWELFTH DEFENSE

The District states that it asserts these affirmative defenses based upon information presently available and in order to avoid waiver. The District reserves the right to withdraw any of these affirmative defenses or to assert additional affirmative defenses as further information becomes available.

**THE DISTRICT** reserves the right to Amend its Answer.

## REQUEST AND DEMAND FOR JURY TRIAL

The District, by and through its counsel, respectfully requests a jury trial in this matter.

**WHEREFORE**, the District prays for a judgment dismissing the Complaint with prejudice and awarding it the costs and disbursements of this action, together with attorneys' fees, and such additional relief as this court may deem just and proper.

Dated:  January 7, 2008.                    Respectfully submitted,

PETER NICKELS
Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Lit. Div.

_____/s/Ellen Efros_____
ELLEN EFROS (250746)
Chief, Equity Section I

_____/s/Toni Michelle Jackson_____

TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S014
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail:  toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2008, I caused the foregoing ANSWER TO PLAINTIFFS' PUTATIVE CLASS ACTION COMPLAINT to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Scott Watkins
Jose Ramon Gonzalez-Magaz
**STEPTOE & JOHNSON, LLP**
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

E. Elaine Gardner
**WASHINGTON LAWYERS' COMMITTEE FOR
CIVIL RIGHTS AND URBAN AFFAIRS**
11 Dupont Circle, N.W., Ste. 400
Washington, D.C. 20036

_____/s/Toni Michelle Jackson_____
TONI MICHELLE JACKSON
Assistant Attorney General