UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER *et al.*<br>              Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>              Defendant. | Case No. 1:07-CV-01838-RCL<br><br>Deck Type: Civil Rights (non-employment)<br><br>Jury Trial Demanded |

**<u>Parties' Joint Meet & Confer Statement</u>**

Pursuant to Local Rule 16.3, the parties conferred on January 22, 2008. This report sets out positions of the parties and any agreements reached. The Parties set forth below the relevant text of each sub part of the rule (in bold) followed by the Parties joint position, if there is one, or by the Plaintiffs' and the Defendant's positions where they are not in agreement.

**16.3(c)(1): Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Parties agree that this case, or elements of this case, can be disposed of by dispositive motion. At this point, no dispositive motion has been filed. The District intends to file a dispositive motion at the close of discovery.

**16.3(c)(2): The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Parties do not anticipate at this time the need to join additional parties or to amend the pleadings. However, if either action is taken, plaintiff recommends that such action must occur within thirty (30) days of the expiration of discovery. The District

1

recommends that all amendments shall occur within sixty (60) days from the date of this Order.

**16.3(c)(3): Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Parties recommend that this case remain assigned to Judge Lamberth.

**16.3(c)(4): Whether there is a realistic possibility of settling the case.**

The parties have had preliminary settlement discussions. At this point, it is too early to determine whether settlement discussions will be fruitful.

**16.3(c)(5): Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

> **(i) the client's goals in bringing or defending the litigation; (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement; (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to: (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and (bb) whether ADR should take place before or after the judicial resolution of key legal issues; (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and (v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

Parties do not foresee that Alternative Dispute Resolution will be beneficial. If parties observe that settlement discussions will be enhanced with the use of ADR, they will inform the Court.

**16.3(c)(6): Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Parties believe that elements of this matter may be resolved by motions for summary judgment after the close of discovery. Parties recommend that any summary

judgment motions be due forty-five (45) days after close of discovery; responses in opposition be due thirty (30) days thereafter; and replies be due thirty (30) days thereafter.

**16.3(c)(7): Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Parties recommend that initial disclosures required by Fed. R. Civ. P. 26(a)(1) be exchanged fourteen (14) days after the Court issues its Scheduling Order.

**16.3(c)(8): The anticipated extent to discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Parties recommend 180 days for discovery. Parties recommend that the dates for discovery begin on the date the Court issues the Scheduling Order and proceed as follows:

- Initial Disclosures exchanged        14 days
- Close of non-expert discovery        100 days
- Proponent Expert reports submitted   120 days
- Rebuttal Expert reports submitted    140 days
- Deposition of Experts completed      180 days

Parties recommend the following discovery and limits. All time limits not specified shall be those set forth in the Federal Rules of Civil Procedure:

- Each deposition will be limited to seven hours, which may be spread over no more than two days, unless otherwise agreed to by the parties.
- A written deposition notice shall be filed 10 days prior to the scheduled deposition, unless otherwise agreed to by the parties.

If Defendant seeks medical records or information during discovery, Plaintiffs recommend that the Court issue a protective order to safeguard the confidentiality of

medical information. In that eventuality, the parties will attempt to agree to the text of any such proposed order.

**16.3(c)(9): Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

Parties are not in a position at this stage to estimate their time requirements for expert witness discovery.

**16.3(c)(10): In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Parties propose that the deadline for filing of plaintiffs' Rule 23 class certification motion be moved from March 11, 2008 to forty-five days following the close of discovery, with defendant's opposition due forty-five days thereafter, and plaintiffs' reply fifteen days thereafter. Dates for oral arguments, an evidentiary hearing and decision on this motion are left to the discretion of the Court.

**16.3(c)(11): Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

At this point, the Plaintiff recommends that that neither the trial nor the discovery should be bifurcated. Plaintiff wishes to reserve the right to revisit the issue of bifurcation or management in phases at a later point, should a need for such management arise.

The District recommends that the trial phase be bifurcated.

**16.3(c)(12): The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Parties respectfully recommend that the date for a pre-trial conference be left open at this time, pending later agreement by parties.

**16.3(c)(13): Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Plaintiffs respectfully request that the Court set a trial date in its first scheduling order. Should a trial be necessary in this case, defendant proposes that the date be set at the pretrial conference.

**16.3(c)(14): Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

At this time, parties do not believe any other matters are appropriate for inclusion in the Scheduling Order.

Dated: January 30, 2008

RESPECTFULLY SUBMITTED,

/s/ Toni Michelle Jackson
Toni Michelle Jackson
(D.C. Bar No. 453765)
Assistant Attorney General
441 4th Street, North West
6th Floor South
Washington, D.C. 20001
Tel:  (202) 724-6602
Fax:  (202) 727-3625

E. Elaine Gardner (D.C. Bar No. 271262)
WASHINGTON LAWYER'S COMMITTEE FOR
 CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 319-1000
Fax: (202) 319-1010

/s/ Scott D. Watkins
Scott D. Watkins
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-6439

*Attorney for Defendant*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER *et al.*<br><br>                    Plaintiffs,<br>v.<br><br>DISTRICT OF COLUMBIA<br><br>                    Defendant. | Docket No. 1:07-CV-01838-RCL |

### **Proposed Scheduling Order**

Upon consideration of the parties' Joint Rule 16.3 Report, it is hereby ORDERED as follows:

1.    Parties shall serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by not later than fourteen days after the date of this Scheduling Order.

2.    The parties' discovery shall be subject to the following limits: Depositions shall be noticed at least 10 days in advance. Depositions shall not exceed seven hours in length, and may not spread over a period of more than two days, unless otherwise agreed to by the parties.

3.    Non-expert discovery shall close on the 100th day following the date of this Scheduling Order [_____, 2008]. If the parties continue with expert discovery, then proponent expert reports will be due on the 120th day following the date of this Scheduling Order [_____, 2008], rebuttal expert reports will be due on the 140th day following the date of this Scheduling Order [_____, 2008], and that stage of discovery will close on the 180th day following the date of this Scheduling Order [_____, 2008].

    4.     All amendments shall occur within _____ days from the date of _____.

    5.     Plaintiffs' class certification motion shall be filed 45 days after the close of discovery, with defendant's opposition due 45 days thereafter, and plaintiffs' reply 15 days thereafter.

    6.     Dispositive motions shall be filed 45 days after the close of discovery. The parties are ordered to meet not later than the 100th day following the date of this Scheduling Order, to make elections with respect to expert witnesses and to report to the Court accordingly.

**It is so ORDERED.**

Dated this _____ day of _____, 2008.

                                                _____
                                                Judge R. Lamberth
                                                United States District Court