# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE EQUAL RIGHTS CENTER, *et. al.*, | |
| PLAINTIFFS, | CASE NO. 07-001838 (RCL) |
| v. | |
| DISTRICT OF COLUMBIA, | |
| DEFENDANT. | |

## DEFENDANT DISTRICT OF COLUMBIA'S
## ANSWER TO THE PUTATIVE CLASS ACTION AMENDED COMPLAINT

Defendant District of Columbia ("the District"), by and through undersigned counsel, hereby answers the plaintiffs' putative Class Action Amended Complaint in the above-captioned matter.  The District asserts that anything not specifically admitted herein is denied, and answers the Amended Complaint as follows:

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The District states the following in responses to the individually numbered paragraphs in the Amended Complaint:

## NATURE OF THE ACTION

1.    The allegations asserted in paragraph 1 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph

1 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

2.      The allegations asserted in paragraph 2 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 2 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

3.      The allegations asserted in paragraph 3 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 3 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

4.      The District denies the factual allegations contained in paragraph 4 of the Amended Complaint and demands strict proof thereof at trial.

5.      The allegations asserted in paragraph 5 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 5 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

**JURISDICTION AND VENUE**

6.      The District acknowledges the statutes cited in paragraph 6 of the Amended Complaint, but does not admit that jurisdiction is necessarily conferred therefrom.

7.      The District acknowledges the statutes cited in paragraph 7 of the Amended Complaint, but does not admit that jurisdiction is necessarily conferred therefrom.

8.      The District acknowledges the statutes cited in paragraph 8 of the Amended Complaint, but does not admit that jurisdiction is necessarily conferred therefrom.

<u>**PARTIES**</u>

9.      The District is without sufficient information to admit or deny any factual allegations contained in paragraph 9.

10.     The District is without sufficient information to admit or deny any factual allegations contained in paragraph 10.

11.     The District is without sufficient information to admit or deny any factual allegations contained in paragraph 11.

12.     The District is without sufficient information to admit or deny any factual allegations contained in paragraph 12.

13.     The District is without sufficient information to admit or deny any factual allegations contained in paragraph 13.

14.     The District is without sufficient information to admit or deny any factual allegations contained in paragraph 14.

15.     The District admits the factual allegations contained in paragraph 15.

16.     The allegations asserted in paragraph 16 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 16 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

17.     The District admits the factual allegations contained in paragraph 17.

18.    The allegations asserted in paragraph 18 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 18 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

**CLASS ACTION ALLEGATIONS**

19.    The allegations asserted in paragraph 19 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 19 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

20.    The allegations asserted in paragraph 20 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 20 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

21.    The allegations asserted in paragraph 21 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 21 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

22.    The allegations asserted in paragraph 22 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 22 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

23.    The allegations asserted in paragraph 23 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph

23 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

24.    The allegations asserted in paragraph 24 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 24 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

      a.  The allegations asserted in paragraph 24(a) of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 24(a) contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

      b.  The allegations asserted in paragraph 24(b) of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 24(b) contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

      c.  The allegations asserted in paragraph 24(c) of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 24(c) contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

      d.  The allegations asserted in paragraph 24(d) of the Amended Complaint are legal conclusions to which no response is required.

To the extent that paragraph 24(d) contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

e.   The allegations asserted in paragraph 24(e) of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 24(e) contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

f.   The allegations asserted in paragraph 24(f) of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 24(f) contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

g.   The allegations asserted in paragraph 24(g) of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 24(g) contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

25.     The allegations asserted in paragraph 25 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 25 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

26.     The allegations asserted in paragraph 26 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 26 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

27.     The allegations asserted in paragraph 27 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 27 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

28.     The allegations asserted in paragraph 28 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 28 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

29.     The allegations asserted in paragraph 29 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 29 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

30.     The allegations asserted in paragraph 30 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 30 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

31.     The allegations asserted in paragraph 31 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph

31 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

32.    The allegations asserted in paragraph 33 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 33 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

33.    The allegations asserted in paragraph 33 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 33 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

<u>F<small>ACTUAL</small> A<small>LLEGATIONS</small></u>

34.    The District admits the factual allegations contained in paragraph 34.

**David Nelson**

35.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 35.

36.    The District is without sufficient information to admit or deny Mr. Nelson's receipt of any invitation.  The District admits that a flyer was sent to various individuals informing them that an Open House would be held on May 3, 2007, at Prospect Learning Center, located at 920 F. Street N.E., Washington, D.C.  The District further admits that the Prospect Learning Center is a District of Columbia Public School which provides special education for children with severe learning disabilities.  The District denies the remaining factual allegations contained in

paragraph 36 of the Amended Complaint and demands strict proof thereof at trial.

37.    The District admits that on April 26, 2007, Mr. Nelson sent an email to the email address given in the notice of the Open House for RSVP's, and requested an interpreter for his attendance at the Open House.  The District is without sufficient information to admit or deny the remaining allegations in paragraph 37 of the Amended Complaint.

38.    The District admits that when Mr. Nelson arrived on May 3, there was no interpreter present.  The District further admits that Principal Byford-Peterson immediately attempted to secure an interpreter and was unsuccessful on May 3.  The District denies the remaining factual allegations contained in paragraph 38 of the Amended Complaint and demands strict proof thereof at trial.

39.    The District is without sufficient information to admit or deny the factual allegations contained in the first two sentences of paragraph 39.  The District admits that Joseph Fengler informed Mr. Nelson prior to the summer of 2007 that the ANC did not have funds that were specifically allocated for interpreters.  The District denies the remaining factual allegations in paragraph 39 of the Amended Complaint and demands strict proof thereof at trial.

40.    The District admits that in the summer of 2007, Mr. Fengler informed Mr. Nelson that ANC 6A would include a line item for interpreters in its fiscal year 2008 budget pursuant to a discussion with Simon Gottlieb.  The District further admits that ANC 6A meets on a monthly basis and that its subcommittees meet

with more frequency.  The District denies the remaining allegations in paragraph 40 of the Amended Complaint and demands strict proof thereof at trial.

41.    The allegations asserted in paragraph 41 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 41 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

**Jon Mitchiner**

42.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 42.

43.    The District admits that Mr. Mitchiner sought approval from the D.C. Board of Zoning Adjustment to build a garage on his property at 314 12th Street, NE, Washington, D.C. 20002.

44.    The District admits the factual allegations contained in paragraph 44.

45.    The District admits the factual allegations contained in paragraph 45.

46.    The District admits the factual allegations contained in paragraph 46.

47.    The District admits the factual allegations contained in paragraph 47.

48.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 48.

49.    The District admits the factual allegations contained in paragraph 49.

50.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 50.

51.    The District admits the factual allegations contained in paragraph 51.

52.     The District is without sufficient information to admit or deny any factual allegations contained in paragraph 52.

53.     The District is without sufficient information to admit or deny any factual allegations contained in paragraph 53.

54.     The District is without sufficient information to admit or deny any factual allegations contained in paragraph 54.

55.     The District admits the factual allegations contained in paragraph 55.

56.     The District denies the factual allegations contained in paragraph 56 and demands strict proof thereof at trial.

57.     The District admits that Mr. Mitchiner received a postponement of his hearing until November 6, 2007.  The District is without sufficient information to admit or deny the remaining factual allegations contained in paragraph 57.

58.     The District is without sufficient information to admit or deny any factual allegations contained in paragraph 58.

59.     The allegations asserted in paragraph 59 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 59 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

## CLASS ACTION ALLEGATIONS

60.     The District is without sufficient information to admit or deny any factual allegations contained in paragraph 60.

61.     The District is without sufficient information to admit or deny any factual allegations contained in paragraph 61.

62.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 62.

63.    The allegations asserted in paragraph 63 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 63 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

64.    The allegations asserted in paragraph 64 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 64 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

65.    The allegations asserted in paragraph 65 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 65 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### COUNT ONE:  DISCRIMINATION—ADA

66.    In response to paragraph 66, the District incorporates its answers to paragraphs 1 through 62 as stated above.

67.    The allegations asserted in paragraph 67 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 67 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

68.    The allegations asserted in paragraph 68 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph

68 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

69.     The allegations asserted in paragraph 69 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 69 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

70.     The allegations asserted in paragraph 70 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 70 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

71.     The allegations asserted in paragraph 71 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 71 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

72.     The allegations asserted in paragraph 72 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 72 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

73.     The allegations asserted in paragraph 73 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 73 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

74.    The allegations asserted in paragraph 74 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 74 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

75.    The allegations asserted in paragraph 75 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 75 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

76.    The allegations asserted in paragraph 76 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 76 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

77.    The allegations asserted in paragraph 77 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 77 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

COUNT TWO: DISCRIMINATION—REHAB ACT

78.    In response to paragraph 78, the District incorporates its answers to paragraphs 1 through 62 as stated above.

79.    The District admits the factual allegations contained in paragraph 79.

80.    The District admits that some of its agencies receive federal financial assistance.  However, the Office of Zoning does not receive any federal financial assistance.

81.    The District denies the factual allegations regarding the statement "Defendant District of Columbia's departments, agencies, and instrumentalities receive Federal financial assistance" as stated in paragraph 81.

82.    The District admits the factual allegations contained in paragraph 82.

83.    The allegations asserted in paragraph 83 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 83 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

84.    The allegations asserted in paragraph 84 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 84 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

85.    The allegations asserted in paragraph 85 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 85 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

86.    The allegations asserted in paragraph 86 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 86 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

87.    The allegations asserted in paragraph 87 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph

87 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

88.     The allegations asserted in paragraph 88 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 88 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

89.     The allegations asserted in paragraph 89 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 89 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

90.     The allegations asserted in paragraph 90 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 90 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

91.     The allegations asserted in paragraph 91 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 91 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

92.     The allegations asserted in paragraph 92 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 92 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

93.    The allegations asserted in paragraph 93 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 93 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

COUNT THREE:  DISCRIMINATION—D.C. HUMAN RIGHTS ACT

94.    In response to paragraph 94, the District incorporates its answers to paragraphs 1 through 62 as stated above.

95.    The allegations asserted in paragraph 95 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 95 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

96.    The allegations asserted in paragraph 96 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 96 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

97.    The allegations asserted in paragraph 97 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 97 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

98.    The allegations asserted in paragraph 98 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 98 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

99.    The allegations asserted in paragraph 99 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 99 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

100.    The allegations asserted in paragraph 100 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 100 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### PRAYER FOR RELIEF

This section and its subparts consists of a prayer for relief to which no response is required.

### THIRD DEFENSE

Plaintiffs may have failed to exhaust their administrative remedies and failed to comply with other mandatory filing requirements.

### FOURTH DEFENSE

All allegations not specifically admitted are denied.

### FIFTH DEFENSE

The District, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

### SIXTH DEFENSE

The District reserves the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

### SEVENTH DEFENSE

The actions of the District and all employees, officials, servants, and agents of the District of Columbia were, at all times relevant to this action, reasonable, in good faith, and in full compliance with the law.

## EIGHTH DEFENSE

To the extent plaintiffs seek an award of unliquidated damages against the District of Columbia under local law, such award is barred for failure to meet the requirements of D.C. Code § 12-309 (2001 ed.).

## NINTH DEFENSE

Plaintiffs may have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

## TENTH DEFENSE

The local law claims are barred by the District of Columbia's discretionary function immunity.

## ELEVENTH DEFENSE

Plaintiffs have failed to plead facts sufficient to support the exercise of the Court's equitable jurisdiction.

## TWELFTH DEFENSE

The District states that it asserts these affirmative defenses based upon information presently available and in order to avoid waiver.  The District reserves the right to withdraw any of these affirmative defenses or to assert additional affirmative defenses as further information becomes available.

**THE DISTRICT** reserves the right to amend its Answer to the Amended Complaint.

## <u>REQUEST AND DEMAND FOR JURY TRIAL</u>

The District, by and through its counsel, respectfully requests a jury trial in this matter.

**WHEREFORE**, the District prays for a judgment dismissing the Complaint with prejudice and awarding it the costs and disbursements of this action, together with attorneys' fees, and such additional relief as this court may deem just and proper.

Dated:        May 30, 2008

Respectfully submitted,

PETER NICKELS
Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Lit. Div.

_____/s/Ellen Efros_____ _____
ELLEN EFROS (250746)
Chief, Equity Section I

_____/s/Grace Graham_____
GRACE GRAHAM (472878)
Assistant Attorney General
441 Fourth Street, N.W., Suite 600S
Washington, DC  20001
(202) 442-9784
(202) 727-3625
E-mail: grace.graham@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2008, I caused the foregoing Answer to the Amended Complaint to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Scott Watkins
Jose Ramon Gonzalez-Magaz
**STEPTOE & JOHNSON, LLP**
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

E. Elaine Gardner
**WASHINGTON LAWYERS' COMMITTEE FOR**
**CIVIL RIGHTS AND URBAN AFFAIRS**
11 Dupont Circle, N.W., Ste. 400
Washington, D.C. 20036

_____/s/Grace Graham_____
GRACE GRAHAM
Assistant Attorney General

21